THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION, ASKING, IN EFFECT:
 HOW DOES THE INADVERTENT OMISSION OR REMOVAL OF THE WORD "OR" FROM 51 O.S. 155(23) (1989), DUE TO THE 1988 AMENDMENTS TO THAT SECTION, AFFECT ITS INTERPRETATION?
THE UNDERSIGNED ATTORNEY HAS BEEN AUTHORIZED TO RESPOND TO YOUR INQUIRY. I NOTE AT THE OUTSET THAT YOUR QUESTION INVOLVES INTERPRETATION OF A STATUTE AND THAT YOUR RESPONSE MAY BE READILY PROVIDED BY REFERENCE TO ESTABLISHED RULES OF STATUTORY CONSTRUCTION. THEREFORE, ALTHOUGH YOU REQUESTED AN OFFICIAL OPINION OF THE ATTORNEY GENERAL ON THIS TOPIC, THIS OFFICE HAS DETERMINED THAT YOUR QUESTION IS MORE PROPERLY ADDRESSED WITH AN INFORMAL OPINION. BECAUSE THIS IS AN INFORMAL OPINION, THE VIEWS EXPRESSED HEREIN DO NOT NECESSARILY REFLECT THE OPINION OF THIS OFFICE, BUT ARE THOSE OF THE UNDERSIGNED ATTORNEY.
IN PROVIDING US WITH YOUR QUESTION YOU HAVE SUPPLIED US WITH LEGISLATIVE HISTORY WHICH SUGGESTS THAT IN THE COURSE OF AMENDING 51 O.S. 155(23), DURING THE 1988 LEGISLATIVE SESSION, A NEW PARAGRAPH, 51 O.S. 155(24), WAS ADDED TO SEPARATE THE JUVENILE CORRECTIONAL FACILITY EXEMPTION FROM THE PREDECESSOR CORRECTIONAL FACILITY EXEMPTION PROVISION OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT. APPARENTLY, IN THE COURSE OF THAT AMENDMENT, THE WORD OR WAS REMOVED FROM SECTION 51 O.S. 155(23), LEAVING IN DOUBT THE MEANING OF THE PROVISION, AS IT NOW READS.
THIS PARTICULAR PROVISION HAS UNDERGONE SEVERAL CHANGES SINCE ITS EFFECTIVE DATE AS TO THE STATE IN 1985. THE ORIGINAL VERSION OF THIS STATUTE EXEMPTED THE STATE AND POLITICAL SUBDIVISIONS FROM LOSS OR CLAIMS RESULTING FROM:
 "23. PROVISION, EQUIPPING, OPERATION OR MAINTENANCE OF ANY PRISON, JAIL OR CORRECTIONAL FACILITY, OR INJURIES RESULTING FROM THE PAROLE OR ESCAPE OF A PRISONER OR BY A PRISONER TO ANY OTHER PRISONER(.)" 51 O.S. 155(23)
THE 1986 AND 1987 AMENDMENTS LEFT THIS PROVISION INTACT, HOWEVER, AS YOU NOTE, IN 1988, TWO CHANGES WERE MADE TO THIS SECTION. THE FIRST OF THESE AMENDMENTS ADDED THE REFERENCES TO JUVENILE DETAINEES WITHIN THIS SECTION AND ADDED A PROVISO WHICH EXCLUDED OPERATION OF THE EXEMPTION TO INDIVIDUALS NOT IN THE DEPARTMENT'S CUSTODY WHO ARE INVOLVED IN MOTOR VEHICLE ACCIDENTS WITH DEPARTMENTAL VEHICLES. THOSE AMENDMENTS WERE PASSED WITH AN EMERGENCY CLAUSE AND BECAME EFFECTIVE ON APRIL 19, 1988. (CHAPTER 134, SECTION 4 OF THE 1988 SESSIONS LAWS.) FOLLOWING THIS FIRST SET OF AMENDMENTS, THIS SECTION READ:
 "23. PROVISION, EQUIPPING, OPERATION OR MAINTENANCE OF ANY PRISON, JAIL, CORRECTIONAL FACILITY OR JUVENILE DETENTION FACILITY, OR INJURIES RESULTING FROM THE PAROLE OR ESCAPE OF A PRISONER OR JUVENILE DETAINEE BY A PRISONER TO ANY OTHER PRISONER OR BY A JUVENILE DETAINEE TO ANY OTHER JUVENILE DETAINEE; PROVIDED, HOWEVER, THIS PROVISION SHALL NOT APPLY TO CLAIMS FROM INDIVIDUALS NOT IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS BASED ON ACCIDENTS INVOLVING MOTOR VEHICLES OWNED OR OPERATED BY THE DEPARTMENT OF CORRECTIONS."
THE SUBSEQUENT AMENDMENT DURING THE SAME LEGISLATIVE SESSION SEPARATED THE EXEMPTION PROVISIONS DEALING WITH JUVENILE DETAINEES FROM THE REST OF THE CORRECTIONAL EXEMPTION. THE JUVENILE CORRECTIONAL PROVISION WAS RENUMBERED AS 51 O.S. 155(24). APPARENTLY DURING THE COURSE OF CLARIFYING THIS PROVISION WITH THESE AMENDMENTS, THE "OR" WAS REMOVED FROM SECTION 155(23), BUT LEFT INTACT IN SECTION 155(24). (CHAPTER 241, SECTION 2, 1988 SESSION LAWS.) YOUR QUESTION INVOLVES THE INTERPRETATION OF SECTION 155(23) IN LIGHT OF THIS OMISSION.
THE PROVISION IN QUESTION, AS IT NOW READS, PROVIDES THAT THE STATE OR A POLITICAL SUBDIVISION SHALL NOT BE LIABLE IF A LOSS OR CLAIM RESULTS FROM:
 "23. PROVISION, EQUIPPING, OPERATION OR MAINTENANCE. OF ANY PRISON, JAIL OR CORRECTIONAL FACILITY, OR INJURIES RESULTING FROM THE PAROLE OR ESCAPE OF A PRISONER BY A PRISONER TO ANY OTHER PRISONER; PROVIDED, HOWEVER, THIS PROVISION SHALL NOT APPLY TO CLAIMS FROM INDIVIDUALS NOT IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS BASED ON ACCIDENTS INVOLVING MOTOR VEHICLES OWNED OR OPERATED BY THE DEPARTMENT OF CORRECTIONS(.)" 51 O.S. 155(23) (1989). (EMPHASIS ADDED.)
THE HIGHLIGHTED LANGUAGE REFLECTS THE AREA WHICH IS THE FOCUS OF YOUR INQUIRY. AT THE OUTSET, I MIGHT NOTE THAT COMMON LOGIC SUGGESTS THAT THE CHANGES WHICH OCCURRED DURING THE 1988 LEGISLATIVE SESSION FAIL TO SUGGEST THE PRESENCE OF ANY LEGISLATIVE INTENT TO CHANGE THE MEANING OF THE PORTION OF THE SECTION IN QUESTION. THE TWO AREAS OF CHANGE INVOLVED ONLY JUVENILE DETAINEES AND MOTOR VEHICLE CLAIMS. THIS SECTION INVOLVES CLAIMS RESULTING FROM ESCAPING PRISONERS OR PRISONERS INJURING OTHER PRISONERS. GENERALLY, RESORT TO THE RULES OF STATUTORY CONSTRUCTION IS APPROPRIATE WHERE THE MEANING OF A STATUTE IS AMBIGUOUS OR UNCLEAR. IN RE BIG CABIN CREEK CONSERVANCY DISTRICT, 382 P.2D 756 (OKLA. 1963).
THE PRIMARY OBJECT OF ANY STATUTORY CONSTRUCTION IS TO ASCERTAIN THE LEGISLATURE'S INTENT. CITY OF MIDWEST CITY V. HARRIS, 561 P.2D 1357 (OKLA. 1977). IN DETERMINING LEGISLATIVE INTENTION, WORDS WILL BE GIVEN THEIR ORDINARY MEANING WHEN IT IS PRACTICAL TO DO SO. HOWEVER, USE OF LANGUAGE OF DOUBTFUL MEANING WILL NOT BE PERMITTED TO CHANGE OTHERWISE CLEARLY EXPRESSED INTENT, AND SUCH DOUBTFUL LANGUAGE SHOULD BE CONSTRUED TO PROMOTE HARMONY BETWEEN THE VARIOUS PROVISIONS OF AN ACT. ALFALFA ELECTRIC COOPERATIVE. INC. V. FIRST NATIONAL BANK AND TRUST CO. OF OKLAHOMA CITY, 525 P.2D 644 (OKLA. 1974). WORDS MAY EVEN BE ALTERED, MODIFIED OR SUPPLIED IN ORDER TO GIVE A STATUTE THE MEANING INTENDED. WRAY V. OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, 442 P.2D 309 (OKLA. 1968). IT IS ALSO PROPER TO RESORT TO THE HISTORY OF THE MEASURE IN DETERMINING ITS MEANING. STATE EX REL. RUCKER V. TAPP, 380 P.2D 260 (OKLA. 1963).
APPLYING THESE RULES OF CONSTRUCTION LEADS ME TO THE CONCLUSION THAT THE "OR" WHICH WAS INADVERTENTLY SEPARATED FROM ITS ORIGINAL RELATOR CLAUSE AND THEN COMPLETELY OMITTED MUST BE REINSERTED IN ORDER TO REMOVE THE AMBIGUITY IN SECTION 51 O.S. 155(23) OF TITLE 51. THIS CONSTRUCTION WILL HARMONIZE SUBSECTIONS 23 AND 24 OF SECTION 155 AND IS CONSISTENT WITH THE MEANING OF THE EXEMPTION AS DEMONSTRATED BY ITS HISTORY.
WHEN ONE LOOKS AT THE TWO AMENDMENTS TO SECTION 155(23) IN 1988, IT IS CLEAR THAT THE WORDS "JUVENILE DETAINEE" WERE INSERTED IN SUCH A WAY AS TO SEPARATE THE NOR" IN THE STATUTE FROM THE CLAUSE "BY A PRISONER TO ANY OTHER PRISONER. ANOTHER OR" SHOULD HAVE BEEN ADDED AFTER THE WORDS JUVENILE DETAINEE IN ORDER TO MAINTAIN THE PREVIOUS GRAMMATICAL STRUCTURE. THEN, WHEN THE EXCEPTION FOR JUVENILE DETAINEES WAS BROKEN OUT SEPARATELY FROM SUBSECTION 23, THE PRE-EXISTING "OR" WAS DELETED ALONG WITH THE WORDS "JUVENILE DETAINEE". IT IS CLEAR THAT THIS WAS INADVERTENT WHEN ONE READS THE RESULTING SUBSECTION 24:
 "PROVISION, EQUIPPING, OPERATION OR MAINTENANCE OF ANY JUVENILE DETENTION FACILITY, OR INJURIES RESULTING FROM THE ESCAPE OF A JUVENILE DETAINEE, OR INJURIES BY A JUVENILE DETAINEE TO ANY OTHER JUVENILE DETAINEE . . ." 51 O.S. 155(24).
MY SUGGESTED CONSTRUCTION OF SUBSECTION 23 IS AS FOLLOWS:
 "PROVISION, EQUIPPING, OPERATION OR MAINTENANCE OF ANY PRISON, JAIL OR CORRECTIONAL FACILITY, OR INJURIES RESULTING FROM THE PAROLE OR ESCAPE OF A PRISONER (OR) BY A PRISONER TO ANY OTHER PRISONER . . ."
(SHARON K. O'ROKE)